**STATE OF UTAH, Plaintiff,**

v.

**AMERICAN PIPE & CONSTRUCTION COMPANY et al., Defendants-Appellees,**

**Weber Basin Water Conservancy District et al., Applicants for Intervention-Appellants.**

**STATE OF UTAH, Plaintiff,**

v.

**AMERICAN PIPE & CONSTRUCTION COMPANY et al., Defendants-Appellees.**

**Salt Lake County Cottonwood Sanitary District et al., Applicants for Intervention-Appellants.**

Nos. 26542, 26543.

United States Court of Appeals, Ninth Circuit.

Jan. 31, 1973.

Certiorari Granted May 7, 1973.
See 93 S.Ct. 2146.

See also D.C., 316 F.Supp. 837.

Gerald R. Miller (argued), Denis R. Morrill, of Mulliner, Prince & Magnum, Kent Shearer, of Neslen & Mock, Prince, Yeates, Ward, Miller & Geldzahler, Vernon B. Romney, Atty. Gen., State of Utah, Salt Lake City, Utah, for appellants.

Jesse R. O'Malley (argued), Lawrence E. Stickney, of Music, Peller & Garrett, Los Angeles, Cal., Gordon Johnson, of Thelen, Marrin, Johnson & Bridges, San Francisco, Cal., Oliver F. Green of Paul, Hastings, Janofsky & Walker, Los Angeles, Cal., James O. Sullivan, Wayne M. Pitluck, of Sullivan, Marinas, Augustine & Delafield, San Diego, Cal., John J. Hanson, Robert E. Cooper, of Gibson, Dunn & Crutcher, Los Angeles, Cal., Haldor T. Benson, of Vancott, Bagley, Cornwall & McCarthy, Salt Lake City, Utah, Richard W. Campbell, of Olmstead, Stine & Campbell, Ogden, Utah, George Read Carlock, of Ryley, Carlock & Ralston, Phoenix, Ariz., Dominic B. King, Pittsburgh, Pa., for defendants-appellees.

Before: MERRILL and KILKENNY, Circuit Judges, and TAYLOR, District Judge.*

MERRILL, Circuit Judge:

Weber Basin Water Conservancy District and other applicants for interven-

* Honorable Fred M. Taylor, Senior United States District Judge for the District of Idaho, sitting by designation.

tion have taken this appeal from a final order [1] of the District Court denying their applications to intervene in the action below brought by the State of Utah.

That action was brought May 13, 1969,[2] as a class action against appellees, alleging a Sherman Act conspiracy in the sale of concrete and steel pipe and seeking treble damages with respect to purchases of those products. The State of Utah purported to represent a class described as "those public bodies and agencies of state and local government in the State of Utah who are end users of pipe acquired from defendants * * *." The action relied upon the same conspiracies involved in protracted litigation popularly known as the West Coast Pipe Cases, growing out of five criminal and five civil actions initiated by the Government in 1964 and ultimately terminated May 24, 1968.

On December 4, 1969, on motion of appellees, the court entered an order that the action shall "not be maintained as a class action"; that the class action "in all respects stands terminated as of May 13, 1969, the date of the filing of the complaint herein." The order was based on findings made under Rule 23, Federal Rules of Civil Procedure,[3] that members of the class described in the complaint are "not so numerous that joinder of all such entities is impracticable"; and that experience in the West Coast Pipe Cases had demonstrated that a class action was "inferior to other available methods for the fair and efficient adjudication of the instant controversy."[4]

Eight days later, on December 12, 1969, appellants filed motions to intervene as plaintiffs, as of right, under Rule 24(a)(2), or by permission, under Rule 24(b)(2). On March 30, 1970, the court handed down a decision denying intervention,[5] which was followed by formal findings of fact, conclusions of law, and order, from which order this appeal is taken.

■ We agree with the District Court that appellants had no right to intervention under Rule 24(a) since, as a practical matter, they would not be affected by any potential recovery by Utah. Fed.R.Civ.P. 24(a)(2).

■ However, denial of appellants' motion for permissive intervention un-

1. Initially, the decision of the court below, reported in 50 F.R.D 99 (1970), did not present an appealable final order. Applicants had alleged a cause of action including the four years prior to December 12, 1969, the date when the motions to intervene were filed, and as to those allegations, the statute of limitations had not run. 50 F.R.D. at 110. Applicants subsequently amended their complaint to eliminate allegations of conspiracy less than four years before the filing of the motion to intervene, thereby permitting a final order denying intervention to be filed.

2. Action was brought in the District Court of the District of Utah. On July 28, 1969, the Judicial Panel on Multidistrict Litigation transferred the case from the District of Utah to the Central District of California for assignment to Judge Martin Pence, Chief Judge of the District of Hawaii, who had been actively involved as judge in the West Coast Pipe Cases (see text, infra).

3. "(a) Prerequisites to a Class Action. One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

(b) Class Actions Maintainable. An action may be maintained as a class action if the prerequisites of subdivision (a) are satisfied, and in addition:

* * * * *

(B)(3) the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy."

4. The order was supported by decision filed December 17, 1969, Utah v. American Pipe & Constr. Co., 49 F.R.D. 17, 21 (C.D.Cal.1969).

5. Utah v. American Pipe & Constr. Co., 50 F.R.D. 99 (C.D.Cal.1970).

der Rule 24(b) was, in our judgment, erroneous.

The court felt that the limitations of § 5(b) of the Clayton Act, 15 U.S.C. § 16(b), barred appellants from assertion of their claims. That section suspends the running of the statute of limitations against private Clayton Act suits during the pendency of suits initiated by the Government (based on the same violations) and for one year thereafter.[6] The section then emphasized the converse:

> "*Provided, however,* That whenever the running of the statute of limitations in respect of a cause of action arising under section 15 of this title is suspended hereunder, any action to enforce such cause of action shall be forever barred unless commenced either within the period of suspension or within four years after the cause of action accrued."

In this case § 5(b) served to suspend limitations for one year from May 24, 1968 (termination of the Government suits), and ran (or would have run) against these appellants May 24, 1969. The section requires that an action be "commenced * * * within the period of suspension * * *." Rule 3, Fed.R.Civ.P., provides that "A civil action is commenced by filing a complaint with the court." This suit, as we have noted, was commenced by Utah eleven days before the running of the statute. If the action had proceeded as a class action, we have no doubt that appellants' claims would satisfy § 5(b).[7]

The District Court read § 5(b) as not only granting a tolling period but as warning that further delay was not to be tolerated. The court stated in its decision:

> "This court can but conclude that within the statutorily created antitrust universe § 5(b) cannot be re-tolled by any [Federal] Rule [of Civil Procedure] to permit relation back of their several causes of action by intervenors attempting to intervene in either class or non-class actions filed for violation of the antitrust laws, after the tolling period of § 5(b) has ended." 50 F.R.D. at 108.

We cannot agree. Appellants sought only to present to the court in the very form the court had indicated it preferred

---

6. "(b) Whenever any civil or criminal proceeding is instituted by the United States to prevent, restrain, or punish violations of any of the antitrust laws, but not including an action under section 15a of this title, the running of the statute of limitations in respect of every private right of action arising under said laws and based in whole or in part on any matter complained of in said proceeding shall be suspended during the pendency thereof and for one year thereafter * * *."

7. Even before Rule 23 was amended in 1966, most courts held that even as to "spurious" class actions, a plaintiff could intervene after the timely filing of a class action without independently satisfying the applicable statute of limitations. De Pinto v. Provident Security Life Ins. Co., 323 F.2d 826 (9th Cir. 1963), cert. denied, 376 U.S. 950, 84 S.Ct. 965, 11 L.Ed. 2d 969 (1964) ; Union Carbide & Carbon Corp. v. Nisley, 300 F.2d 561, 589–590 (10th Cir. 1961), cert. dismissed, 371 U.S. 801, 83 S.Ct. 13, 9 L.Ed.2d 46 (1962) ; York v. Guaranty Trust Co., 143 F.2d 503, 529 (2d Cir. 1944), rev'd on other grounds, 326 U.S. 99, 65 S.Ct. 1464, 89 L.Ed. 2079 (1945). Contra, Pennsylvania Co. for Insurances v. Deckert, 123 F.2d 979 (3d Cir. 1941). The objection to the majority rule was that it encouraged "one-way intervention"; it allowed a prospective plaintiff to sit on the side lines, await the outcome of the suit, and then if the class action was successful, intervene and collect. If the action was unsuccessful, and a potential class member had not intervened, he was not bound. This gap was corrected in 1966 and Rule 23 now provides that all class members are bound by the judgment unless they elect not to be included as class members. The strongest argument against the majority position having been eliminated, where a class action is maintained, intervention must be allowed without independent satisfaction of a statute of limitations. *See* Esplin v. Hirschi, 402 F.2d 94 (10th Cir. 1968), cert. denied, 394 U.S. 928, 89 S.Ct. 1194, 22 L.Ed.2d 459 (1969) ; Philadelphia Elec. Co. v. Anaconda Am. Brass Co., 43 F.R.D. 452 (E. D.Pa.1968).

the very claims already tendered to the court on their behalf by Utah.

Maintenance of the class action was denied not for failure of the complaint to state a claim on behalf of the members of the class (the court recognized the probability of common issues of law and fact respecting the underlying conspiracy) not for lack of standing of the representative,[8] or for reasons of bad faith or frivolity. It was denied because, considering the size of the class and the nature of claims of its members, it was felt that those claims could more efficiently be entertained through joinder of the claimants rather than by class treatment.

Under these circumstances, we hold that as to members of the class Utah purported to represent, and whose claims it tendered to the court, suit was actually commenced by Utah's filing. The claims of appellants were then before the court and the only question was as to the manner in which they should be entertained on the merits.[9] The requirements of § 5(b) were then met.

Suit having been commenced by a filing of the complaint, members of the class were safely in court and their claims protected against the bar of § 5(b) until, by order of the court, they were ejected from the suit. The statute thus was tolled by commencement of suit and did not again commence to run until entry of the order denying class action.

This being so, it did not lie within the discretionary province of the District Court to deprive them of the eleven days balance of time remaining to them under § 5(b). If the order, through legal fiction, is to project itself backward in time it must fictionally carry backward with it the class members to whom it was directed, and the rights they presently possessed. It cannot leave them temporally stranded in the present.

We conclude that it was error for the court to hold that appellants' petitions for intervention were barred by § 5(b).

The order of the District Court is affirmed as to intervention under Rule 24(a). As to intervention under Rule 24(b), the matter is remanded with instructions that the order be vacated and for further proceedings upon the motions. Costs are awarded to appellants.

KILKENNY, Circuit Judge (dissenting):

I believe the trial judge exercised a legal discretion and that the appellants, on the record before us, have not shown an abuse of his appraisal of the issues presented on the applications for intervention. I would affirm on the basis of the trial judge's decision. State of Utah v. American Pipe & Construction Co., 50 F.R.D. 99 (C.D.Cal.1970).

---

8. *See, e. g.,* Hobbs v. Police Jury of Morehouse Parish, 49 F.R.D. 176 (W.D.La. 1970) (per curiam).

9. One of the grounds stated in the order denying maintenance of class action was taken from Rule 23(a)(1) relating to the right to sue:

> "One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is *so numerous that joinder of all members is impracticable.*"

It is argued that this deprives the plaintiff of any power to tender class claims where joinder is practicable, and thus that it cannot be said that the claims of class members had been tendered or were before the court at all.

We cannot accept this reasoning. There may well be a case where the class is so limited in number that practicability of joinder appears as matter of law. This case, however, would appear to be one where ascertainment of practicability was in exercise of judicial discretion. The rule did not preclude the court from entertaining suit as a matter of law; rather, the court declined to entertain it by exercise of its discretion. This being so, it must follow that in so far as § 5(b) is concerned the class was before the court until its exercise of discretion. To hold otherwise would be to empower the court, through the discretionary determination of whether suit had been commenced or not, to render the statute of limitations applicable or not, as it sees fit. Considerations of order and certainty dictate that such questions should be resolved by rule of law rather than exercise of discretion.